IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEX WILLIAMS JOHNSON                  *

    Plaintiff                              *

v.                                     *   CIVIL NO. JKB-18-3339

NOWCOM CORPORATION,                    *
NEW MARKET AUTO,
                                       *
    Defendants
                                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

This case has been marked from its beginning by confusion over the identity of the proper Defendant or Defendants. Plaintiff Alex Williams Johnson has proceeded *pro se* in this case claiming, *inter alia*, violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101—13-501 (West 2018). In the caption of Johnson's original complaint, he referred to the only Defendant as "Nowcom/New Market Auto." (Compl., ECF No. 1.) He also described the "Defendant(s)" as the following:

> Defendant(s) "NOWCOM/NEW MARKET AUTO" ("Debt Collector") are limited liability corporations formed under the laws of the State of California and Maryland. They have a principled [*sic*] place of business located at 4751 Wilshire Blvd Ste 114, Los Angeles CA 90010 and 4453 Belair Rd, Baltimore, MD 21206.

(*Id.* ¶ 7.) In the rest of the complaint, Johnson sometimes referred to "the Defendant" and sometimes referred to "Defendants." After signing his name to the complaint, Johnson included a certificate of service indicating the complaint had been sent on October 31, 2018, via registered

mail to Nowcom Corporation in Los Angeles and to New Market Auto in Baltimore. (Compl. at pp. 7-11 (pagination provided by CM/ECF).)

Johnson supplied only one completed summons when he filed his case, and although some of his handwriting may be illegible, the summons appears to indicate service will be completed on the following:

> Gary R. Maslan, Esquire
> c/o Iman, Inc. dba New Market Auto
> 7508 Eastern Ave.
> Baltimore, MD 21224.

(ECF No. 1-2.) In the summons, Johnson indicated the Defendant was "Nowcom Corp./New Market Auto." (*Id.*) The same day he filed his complaint, October 31, 2018, Johnson filed an Affidavit in Support of Motion for Summary Judgment (ECF No. 2), which was docketed as a motion for summary judgment, and a Motion to be Heard (ECF No. 3). Neither of these filings bore the required certificate of service upon any Defendant. To the extent they are motions, they will be denied without prejudice.

On December 10, 2018, Johnson filed a revised Affidavit in Support of Motion for Summary Judgment (ECF No. 6) and a Notice to Take Judicial Notice (ECF No. 7). As with the earlier filings, these new filings also did not include the required certificate of service. Consequently, they, too, will be denied without prejudice.

Apparently in response to its receipt by registered mail of Johnson's complaint, Nowcom Corporation, through counsel, filed a motion to dismiss for failure to state a claim for relief. (ECF No. 8.) The next day, December 11, 2018, the Clerk mailed a form letter, referred to as a "Rule 12/56 letter," to Johnson informing him he had seventeen days from the date of the letter to file any response to Nowcom's motion and, further, informing Johnson the Court may dismiss his case or enter judgment against him without further notice if he fails to respond to the motion.

2

(ECF No. 9.) Attached to the letter was the full text of both referenced rules, Federal Rules of Civil Procedure 12 and 56. (*Id.*) Besides its motion to dismiss, Nowcom also filed a motion to strike Johnson's motion for summary judgment, pointing out its prematurity. (ECF No. 10.)

On December 21, 2018, the Clerk docketed NewMarket Auto's Motion to Dismiss (ECF No. 11), but because this document was filed by an individual, Mohammad Sarihifard, purportedly on New Market Auto's behalf, and because Sarihifard is not an attorney admitted to this Court's bar, the Court ordered the document stricken from the case (Order, Jan. 7, 2019, ECF No. 15); however, the Court's order was entered after the Clerk had already sent another Rule 12/56 letter to Johnson (ECF No. 12). Other than this unsuccessful attempt at self-representation, New Market Auto has made no appearance in the case.

Johnson filed a response to Nowcom's motion to dismiss. (ECF No. 16.) He also filed a motion for Clerk's entry of default with the confusing case caption, "Alex Williams Johnson Plaintiff v. New Market Auto/Nowcom Corp. Defendant(s)," but seems to have aimed the motion only against New Market Auto (ECF No. 19); in the motion he asks the Court to enter a default judgment against New Market Auto because it did not respond within 21 days of receiving the summons (*id.*). To date, Johnson has failed to file an appropriate proof of service. He was provided instructions in the Court's Order dated November 5, 2018 (ECF No. 4) how to accomplish the Court's requirements of service of the summons and complaint. Because Johnson has not complied with these requirements, his motion will be denied without prejudice.

Johnson's other filings include a Motion for Costs & Attorney's Fees, again apparently directed against New Market Auto, and claiming an entitlement to costs as well as attorney's fees of 25% of whatever Johnson is awarded (ECF No. 20), despite the fact that Johnson is not

represented by an attorney in this case, and a request for a pretrial conference and scheduling conference (ECF No. 23). Both of these motions will be denied without prejudice.

Johnson also filed a motion to amend his complaint (ECF No. 21), which was unopposed by Nowcom Corporation (ECF No. 28) and granted (ECF No. 29). Unfortunately, Johnson's amended complaint retains the same confusing nomenclature and references to "Defendant(s)" as his other filings. This resulted in the Clerk's terminating both Nowcom Corporation and "Nowcome/New Market Auto" as parties. The Clerk will be directed to amend the docket to show that the two Defendants are Nowcom Corporation and New Market Auto. Even so, all of Johnson's future filings shall bear the case caption as set forth at the beginning of this Memorandum and Order, shall be clear Johnson is proceeding against *two* Defendants—not one with a vague, dual name, and shall plainly specify against which Defendant he is seeking relief in any particular motion.

Because the amended complaint superseded the initial complaint, Nowcom Corporation's motion to dismiss the latter (ECF No. 8) is moot. Nowcom is free to refile its motion in response to the amended complaint. Johnson's latest filing is a Motion to Amend Summary Judgement and Affidavit in Support. (ECF No. 31.) This filing appears to have been served upon both Defendants.

In accordance with the foregoing, it is hereby ORDERED:

1. Plaintiff Alex Williams Johnson's Affidavit in Support of Motion for Summary Judgment (ECF No. 2) and Motion to be Heard (ECF No. 3) are DENIED WITHOUT PREJUDICE.

2. Plaintiff's revised Affidavit in Support of Motion for Summary Judgment (ECF No. 6) and Notice to Take Judicial Notice (ECF No. 7) are DENIED WITHOUT PREJUDICE.

3. Defendant Nowcom Corporation's motion to dismiss for failure to state a claim for relief (ECF No. 8) is DENIED WITHOUT PREJUDICE.

4. Defendant Nowcom Corporation's motion to strike Johnson's motion for summary judgment (ECF No. 10) is DENIED WITHOUT PREJUDICE.

5. Johnson's motion for Clerk's entry of default (ECF No. 19) is DENIED WITHOUT PREJUDICE.

6. Johnson's motion for costs and attorney's fees (ECF No. 20) and his request for a pretrial conference and scheduling conference (ECF No. 23) are DENIED WITHOUT PREJUDICE.

7. The Clerk SHALL AMEND the docket to reflect the existence of two Defendants in the case: Nowcom Corporation and New Market Auto.

8. Johnson SHALL COMPLY with this Memorandum and Order's directives on future filings. Further, Johnson SHALL COMPLY with the Federal Rules of Civil Procedure and this Court's Local Rules, both of which are available online through the Court's website:

https://www.uscourts.gov/file/25241/download
https://www.mdd.uscourts.gov/local-rules.

The rules may also be accessed through public libraries.

DATED this 4 day of February, 2019.

BY THE COURT:

James K. Bredar
Chief Judge