IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ALEX WILLIAMS JOHNSON**

Plaintiff

v.          *    **CIVIL NO. JKB-18-3339**

**NOWCOM CORPORATION,**
**NEW MARKET AUTO,**

**Defendants**

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

*I. Background*

Plaintiff Alex Williams Johnson, proceeding *pro se*, filed this suit against two entities, Nowcom Corporation ("Nowcom") and New Market Auto.[1] (Compl., ECF No. 1.) He was granted leave to file an amended complaint (ECF No. 29), and that was docketed on January 29, 2019 (ECF No. 30). The amended complaint is the operative one in the case. Since then, Johnson has filed several more motions, as has Nowcom.[2] The filings addressed in this memorandum opinion begin with ECF No. 31 and go through ECF No. 59. No hearing is necessary to resolve the motions. Local Rule 105.6 (D. Md. 2018).

---

[1] The Court attempted to address the confusion created by Johnson's pleadings and motions as to the proper parties to the case in an earlier memorandum and order by instructing Johnson on the proper caption to be used as well as the necessity of having separate textual references to each Defendant. (Mem. & Order, Feb. 4, 2019, ECF No. 32.) The Court's efforts were only somewhat successful.

[2] New Market Auto has not appeared in the case. An individual named Mohammad Sarihifard attempted to file a motion to dismiss on New Market Auto's behalf, but his filing was stricken because he is not a lawyer admitted to this Court's bar, and the Court requires that corporate entities be represented by counsel. (ECF Nos. 11, 15.)

The following motions are at issue:

- Johnson's Motion to Amend Summary Judgement and Affidavit in Support (ECF No. 31)
- Nowcom's Renewed Motion to Dismiss (ECF No. 33)
- Nowcom's Motion to Strike Plaintiff's Amended Motion for Summary Judgment or, in the Alternative, to Defer Action Until an Appropriate Stage in the Proceedings (ECF No. 34)
- Johnson's Motion to Amend Complaint (ECF No. 37)
- Johnson's Notice of Motion to Be Heard on Adjudicative Facts & Motion to Take Judicial Notice of Adjudacative [*sic*] Facts (ECF No. 38)
- Nowcom's Motion to Strike Plaintiff's Motion to Be Heard and to Take Judicial Notice or, in the Alternative, to Defer Action Until an Appropriate Stage in the Proceedings (ECF No. 40)
- Johnson's Motion to Strike & Rebuttal to Nowcom's Opposition to Johnson's Second Motion to Amend His Complaint & Motion to Strike Plaintiff's Motion to Be Heard and to Take Judicial Notice (ECF No. 41)
- Johnson's Motion to Compel for Disclosure Statement (ECF No. 46)
- Johnson's Motion for Speedy Trial by Jury Demanded (ECF No. 47)
- Johnson's Motion to Compel & Rebuttal to ECF No. 45 (ECF No. 54)
- Johnson's Motion to Compel Trial by Jury, Rulings on Motions, Motions to Be Heard & Judicial Notices (ECF No. 57)
- Johnson's Motion to Compel for Scheduling Conference (ECF No. 58)

The motions will be addressed in turn, but not necessarily in strict numerical order.

2

## II. Allegations of the Complaint

According to the amended complaint (ECF No. 30), Johnson's lawsuit has six causes of action:

1. Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

2. Violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301

3. Violation of Maryland Code, Criminal § 8-301

4. Violation of 18 U.S.C. § 1028

5. Violation of Md. Ann. § 8-601 & 602

6. Unjust enrichment

Relevant allegations that Johnson makes to support his case are the following:

> The violation's [*sic*] which gives [*sic*] rise to this action occurred in BALTIMORE COUNTY and MARYLAND, and Plaintiff resides in BALTIMORE COUNTY and MARYLAND.

(Am. Compl. ¶ 8.)

> Plaintiff on or about DATE (07-24-2018) obtained his/her three consumer credit reports from the three (3) major credit reporting bureaus Equifax, Transunion and Experian. Plaintiff at this time noticed and found an inquiry by defendant NOWCOM/NEW MARKET AUTO to obtain Plaintiff's consumer credit report on September 23, 2016.

(*Id.* ¶ 9.)

> Plaintiff has never had any business dealings with the defendant, nor has Plaintiff applied for any credit or services, or employment as defined in 15 USC § 1681(b), neither has Plaintiff executed any contracts resulting in an account in favor of the defendant.

(*Id.* ¶ 17.)

> Defendants "NOWCOM/NEW MARKET AUTO" are "credit furnishers" within the meaning of the 15 USSC [*sic*] § 1681a(c). Experian are [*sic*] "credit providers" within the meaning of 15 USC § 1681(a)(f).

3

(*Id.* ¶ 13.)

> On 9-23-2016, defendant obtained Plaintiffs [*sic*] consumer credit report with no "permissible purpose" . . . .

(*Id.* ¶ 18.)

> At no time did Plaintiff give the defendant permission to obtain his/her consumer credit report from any credit reporting agency.

(*Id.* ¶ 21.)

> The actions of the defendant by placing Personal Identifying Information such as the Social Security number, place of employment and date of birth on copy of an alleged credit application. [*Sic*.] At no time did the plaintiff authorize or give consent for such purposes.

(*Id.* ¶ 25.)

> Defendant failed to provide the original contract to show lawful authority to produce an identification document pursuant to 18 U.S.C. § 1028(a)(1).

(*Id.* ¶ 27.)

> At no time did Plaintiff give consent to have his signature placed upon the application of credit. Defendant mailed a copy of an alleged credit application with what appears to be the first and last name of the Plaintiff. The plaintiff denies such signatures are his . . . .

(*Id.* ¶ 29.)

> Defendant received the benefit of using the Plaintiff's Personal Identifying Information at the expense of the plaintiff. At no time did the plaintiff receive any type of benefit or just compensation arising from the collection of his Personal Identifying Information.

(*Id.* ¶ 31.)

### *III. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## *IV. Standard for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary

5

showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## *V. Analysis*

### *A. Johnson's Motion to Amend Summary Judgement and Affidavit in Support (ECF No. 31)*

Attached to this document is a document entitled, "Order for Summary Judgement and Demand for Jury Trial." (ECF No. 31-1.) The gist of Johnson's argument is that "Defendant(s)" have not rebutted correspondence to them or certain filings and he, therefore, is entitled to summary judgment. This is an example of the imprecision inherent in Johnson's filings when he only refers to "Defendant(s)," rather than attribute specific conduct to a particular Defendant. Beyond that, he offers no persuasive authority for the notion that someone is liable for not responding to his letters. He also takes issue with a declaration submitted with Nowcom's motion to dismiss (ECF No. 8) because, he claims, he does not know the declarant and, therefore, the declarant has no firsthand knowledge of the matter. Since this filing seems to be more of a response to a motion to dismiss, which was mooted by the amended complaint, and since it lacks persuasive value on its own, the motion will be denied.

### *B. Nowcom's Renewed Motion to Dismiss (ECF No. 33)*

This motion also attaches a declaration from Nowcom's Chief Technology Officer and invites the Court to construe the motion as one for summary judgment as an alternative to its request for dismissal for failure to state a claim for relief. (Nowcom's Mot. Dismiss Mem. Supp. 2, ECF No. 33-1.) The Court analyzes the motion primarily as one under Rule 12(b)(6), but will apply the summary-judgment standard to the first count.

*1. Fair Credit Reporting Act*

The essence of Johnson's first count is that Defendants obtained Johnson's credit report without a permissible purpose because he never had business dealings with them, did not apply for credit or services or employment, and did not execute any contracts resulting in an account in favor of "the defendant." (Am. Compl. ¶¶ 17, 18.) He cites 15 U.S.C. § 1681(b), but that section merely states, "It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." It seems Johnson is instead relying upon § 1681b, which limits the circumstances in which a consumer reporting agency ("CRA") may furnish a consumer report. Relevant to this case, § 1681b(a)(3) permits a CRA to provide a consumer report

> To a person which it has reason to believe—
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> (B) intends to use the information for employment purposes; or
> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
> (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
> (F) otherwise has a legitimate business need for the information—
> > (i) in connection with a business transaction that is initiated by the consumer; or
> > (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

7

Further, it is stated in § 1681b(f),

> A person shall not use or obtain a consumer report for any purpose unless—
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

In turn, § 1681e provides in pertinent part,

> Every consumer reporting agency shall maintain reasonable procedures designed . . . to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

Civil liability for noncompliance with the requirements applicable to furnishers and users of consumer reports is allowed by § 1681n for willful noncompliance and § 1681*o* for negligent noncompliance.

Johnson has marginally stated a claim for relief under the FCRA against New Market Auto, and perhaps Nowcom. But as to the first count of the amended complaint, the Court construes Nowcom's motion as one for summary judgment and considers the declaration of its Chief Technology Officer ("CTO") to evaluate the count's merit. In this regard, the fact that Johnson does not know the declarant is irrelevant to the declaration's evidentiary value.

The declarant is Vimal Kumar Nair, the CTO of Nowcom Corporation, who works at Nowcom's headquarters in Los Angeles, California. (Nowcom's Mot. Dismiss Ex. A, Nair Decl. ¶ 2, ECF No. 33-2.) Nair states that Nowcom is licensed by Experian as a reseller of consumer credit reports. (*Id.* ¶ 3.) Nowcom is neither a provider of credit to consumers nor a debt collector.

(*Id.* ¶ 5.) He further describes the process of how Nowcom provides a credit report to automobile dealers:

> Nowcom provides credit reports to automobile dealers who purchase Nowcom's dealer management software *("DealerCenter")* and use Nowcom's dealer management system. One function of the dealer management system is dealing with credit bureaus (credit reporting agencies) in connection with dealerships who work with consumers on obtaining credit for their purchases.

(*Id.* ¶ 4.)

> When a consumer seeks credit in connection with an automobile purchase from a dealer that uses Nowcom's dealer management system, the dealer begins the process by going to *dealercenter.com* and logging into the dealer's account on the DealerCenter platform.

(*Id.* ¶ 6.)

> The consumer provides the required information to the dealership including: social security number, date of birth, and current address.

(*Id.* ¶ 7.)

> Once the consumer has completed and provided to the dealership a credit application, the dealership enters the information the consumer provided into the *dealercenter.com* platform and submits the information to Nowcom through the platform. This starts the process of obtaining the credit report for the consumer from the credit reporting agency requested by the dealership.

(*Id.* ¶ 8.)

> After receiving the required information, Nowcom furnishes the credit report information to the dealership through the DealerCenter platform.

(*Id.* ¶ 9.)

Further, Nair states that because those who use Nowcom's *dealercenter.com* platform are automobile dealers, Nowcom understands that a request from a dealer through the platform for a credit report indicates "that the report is to be used in connection with a credit transaction involving the consumer who is interested in purchasing an automobile from the dealership." (*Id.* ¶ 10.) Accordingly, "Nowcom relies on the dealership to obtain the necessary and proper authorization

from the consumer to furnish a credit report. Nowcom does not receive or review the consumer's credit application." (*Id.* ¶ 11.)

As it relates to Johnson, Nair states, "Nowcom received through the DealerCenter platform from automobile dealership New Market Auto the required information needed to obtain a copy of Mr. Johnson's credit report on September 23, 2016 at 10:32AM." (*Id.* ¶ 13.) In response to the receipt of that required information from New Market Auto, "Nowcom requested and received from Experian a copy of Mr. Johnson's credit report." (*Id.* ¶ 14.) Then, Nair states, "Based on the request, through the DealerCenter platform, Nowcom posted to New Market Auto's account on the DealerCenter platform a copy of Mr. Johnson's credit report." (*Id.* ¶ 15.)

Johnson has presented no evidence that contradicts the testimony in Nair's declaration. Thus, no genuine dispute of material fact exists and Nowcom is entitled to judgment as a matter of law as to whether Nowcom violated the FCRA. The evidence before the Court establishes that Nowcom adopted reasonable procedures to comply with the FCRA, that Nowcom had reasonable grounds for believing that Johnson's consumer report would be used by New Market Auto for a purpose listed in section 1681b, and that Nowcom followed its procedures in this case. Judgment will be entered for Nowcom on the first count. The count remains pending against New Market Auto.

### 2. *Violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-301*

For Johnson's second count, he merely re-alleges paragraphs 1 through 22 "as though fully set out herein." (Am. Compl. ¶ 23.) The MCPA, in the referenced section 13-301, prohibits unfair, abusive, or deceptive trade practices and generally prohibits any false representation "or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Johnson has failed to plead any factual content to support this cause of action. He

10

has not attributed a false or deceptive representation to either Defendant, and he has not alleged any facts to show that he was deceived or misled by a false or deceptive representation and thereby damaged. His second count fails to state a claim for relief and will be dismissed. This conclusion applies equally to both Defendants.

### 3. *Violation of Maryland Code, Criminal § 8-301*

Johnson cites Criminal Law § 8-301(5)(b) as the basis for this cause of action. No such subsection exists. The Court presumes he refers to Criminal Law § 8-301(b), which provides,

> A person may not knowingly, willfully, and with fraudulent intent possess, obtain, or help another to possess or obtain any personal identifying information of an individual, without the consent of the individual, in order to use, sell, or transfer the information to get a benefit, credit, good, service, or other thing of value or to access health information or health care.

While section 8-301 provides criminal penalties for anyone who violates it, this statutory provision does not permit a private right of civil action for its enforcement. Nor has Johnson cited any authority that such a right has been granted in Maryland law. The third count does not state a valid claim for relief and will be dismissed. As with Count 2, the Court's ruling applies equally to both Defendants.

### 4. *Violation of 18 U.S.C. § 1028*

Section 1028, Title 18, United States Code, is cited by Johnson as the basis for his fourth cause of action. Specifically, Johnson relies upon § 1028(a)(1) and (c), which prohibit the knowing and unauthorized production of an identification document, authentication feature, or false identification document that "is or appears to be issued by or under the authority of the United States or a sponsoring entity of an event designated as a special event of national significance or the document-making implement is designed or suited for making such an identification document, authentication feature, or false identification document." Johnson has provided no factual basis

11

for concluding either Defendant violated this section. Moreover, he has failed to show how he has any authority to sue civilly for such a violation, even if such occurred. This count fails and will be dismissed as to both Defendants.

### 5. *Violation of Md. Ann. § 8-601 & 602*

The Court presumes that Johnson relies upon sections 8-601 and 8-602 of the Maryland Code's Criminal Law Article. Section 8-601 provides criminal penalties for anyone who counterfeits certain private instruments and documents as listed in the statute, and section 8-602 makes punishable the issuance or publishing, as true, of a counterfeit instrument or document listed in section 8-601. In the fifth count, Johnson complains that his signature was wrongfully placed on a credit application. However, a credit application is not a document listed in section 8-601. Furthermore, as with his other counts premised upon violations of criminal law, he has not established that he has a right of private civil action to enforce sections 8-601 and 8-602. The fifth count fails to state a claim for relief and will be dismissed against both Defendants.

### 6. *Unjust enrichment*

The last count in Johnson's amended complaint asserts in bare-bones fashion a claim of unjust enrichment. In Maryland, the three elements of a sustainable claim premised upon unjust enrichment are (1) a benefit conferred upon the defendant by the plaintiff; (2) the defendant's appreciation or knowledge of the benefit; and (3) the defendant's acceptance or retention of the benefit under circumstances rendering his retention of the benefit inequitable in the absence of his payment to the plaintiff for the value of the benefit. *County Comm'rs of Caroline Cty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 n.7 (Md. 2000). Johnson has failed to allege plausible factual content that would permit the Court to infer he conferred any benefit upon either Defendant or that either Defendant appreciated or knew of such a benefit and retained it. Without factual

allegations supporting the elements of this claim, Johnson's sixth count fails to state a claim for relief as to either Defendant and will be dismissed.

### C. *Nowcom's Motion to Strike Plaintiff's Amended Motion for Summary Judgment or, in the Alternative, to Defer Action Until an Appropriate Stage in the Proceedings (ECF No. 34)*

This motion is moot based on the disposition of Nowcom's Renewed Motion to Dismiss.

### D. *Johnson's Motion to Amend Complaint (ECF No. 37)*

Johnson asks the Court for leave to file a second amended complaint. He now proposes to add as Defendants "Don Hankey dba CEO of Nowcom Corporation; . . . Eugene M. Leydiker dba, Registered Agent; [and] Mohammad Sarihifard dba New Market Auto, et al." (Proposed Am. Compl., ECF No. 37-1.) He also seeks to modify the causes of action in his lawsuit. As for the proposed additional Defendants, Johnson provides no factual allegations to establish any plausible claim against them. His proposed amended complaint asserts counts under the FCRA, under section 14-12 of the Commercial Law Article of the Maryland Code, for negligence, for breach of contract, and under the Maryland Consumer Protection Act ("MCPA"). (*Id.*) His proposed amendments are futile. The Court has previously ruled on his claims pursuant to the FCRA and the MCPA. The FCRA claim is viable only as to New Market Auto; the MCPA claim fails to state a claim for relief.

Johnson's claims under Title 14 of the Maryland Code's Commercial Law Article echo his complaints under the FCRA. Thus, his claim about permissible purpose and adoption by a CRA of reasonable procedures is essentially the same as his similar claim under the FCRA. He has not explained why he was unable to assert the Maryland state law version of his claim earlier, and the Court concludes he was able but failed to do so. He seems also to assert that Nowcom had a duty to ensure accuracy of information about him, but Johnson has not pointed to any information in

13

his credit report that was inaccurate. He also complains that Nowcom had a duty to respond within 30 days of disputed accuracy, but as noted, he has not identified any inaccurate information in his credit report. As a result, no breach of any such duty, presuming it applied, occurred.

Johnson also proposes a cause of action premised upon negligence, but the duties he identifies in this count—to report a dispute to another CRA and to verify permissible purpose—are statutory duties. Johnson has not shown that Maryland law transforms any such statutory duty into a common law duty such that he can sue for the tort of negligence.

His fourth proposed cause of action is for breach of contract, but his factual allegations that he has never had any business dealings with Defendants (Proposed Am. Compl. ¶ 19) belie any notion that he had a contract with Defendants and that they breached it.

In summary, his proposed second amended complaint is futile, and his motion for leave to amend will be denied.

### *E. Other Motions by Johnson*

Johnson's remaining motions (ECF Nos. 38, 41, 46, 47, 54, 57, and 58) are without merit. The Court notes that ECF No. 46, the Motion to Compel for Disclosure Statement, seems to seek discovery from New Market Auto, against whom the Clerk has entered a default. However, Johnson has neither sought nor obtained a default judgment. If the Court were to enter a default judgment—and the Court does not predict whether such would be warranted, only then would some sort of discovery be considered. In other filings, Johnson contends he is being denied his constitutional right to a speedy trial. This contention is of no merit because the constitutional guarantee of a speedy trial only applies to a defendant in a criminal case. Johnson is bringing a civil action; he is not a defendant in a criminal case. He has also provided a certified copy of the Maryland Constitution to the Court, but he has not explained why. Otherwise, he takes issue with

Nowcom Corporation being represented by counsel, apparently under the mistaken impression that doing so amounts to the unauthorized practice of law by the corporation. This assertion is frivolous. Nowcom, as is any other litigant, is entitled to engage counsel to represent it in litigation. Additionally, Johnson demands the Court rule on his motions. He seems to be unaware that his repeated filing of meritless motions does not enhance the Court's ability to dispose efficiently of cases. These motions are all without merit and will be denied.

### F. Nowcom's Motion to Strike Plaintiff's Motion to Be Heard and to Take Judicial Notice or, in the Alternative, to Defer Action Until an Appropriate Stage in the Proceedings (ECF No. 40)

This motion has been rendered moot by the Court's denial of Johnson's motion on which it is based (ECF No. 38).

### VI. Conclusion

Summary judgment will be granted to Nowcom on Count 1 of the amended complaint. The remaining counts will be dismissed for failure to state a claim for relief. Count 1 remains viable against New Market Auto. Johnson's request for leave to file a second amended complaint will be denied. All other pending motions will be denied or found moot. Johnson will be directed to file a motion for default judgment against New Market Auto.[3] A separate order follows.

DATED this 9 day of August, 2019.

BY THE COURT:

James K. Bredar
Chief Judge

---

[3] That the Court is directing Plaintiff to file such a motion is not indicative of how the Court might rule on it. The Court notes that whether New Market Auto obtained a copy of Johnson's credit report is a factual issue; whether the report was obtained for a permissible purpose, within the meaning of the FCRA, is a legal question that must be determined by the Court.